# Anton Lutz *v.* William Wainwright, Appellant.

*Landlord and tenant—Eviction—Renewal of lease—Evidence—Burden of proof.*

In proceedings by a landlord to dispossess a tenant on the ground of expiration of the term, where the defendant sets up a parol agreement to extend the lease, the burden of proof is on him to establish the fact that both parties to the alleged parol agreement understood it to be such extension, and the Supreme Court will not reverse a judgment on a verdict in favor of a landlord where the evidence of the plaintiff is directly contradicted by the evidence of the defendant's agent.

Argued Oct. 26, 1899. Appeal, No. 82, Oct. T., 1899, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1897, No. 454, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ. Affirmed.

Appeal from judgment of justice of the peace in proceedings by landlord to dispossess a tenant.

The rulings on questions of evidence related entirely to the amount of defendant's damages, and became unimportant when the jury impliedly found that the lease had expired.

The facts appear by the charge of COLLIER, J., which was as follows:

This is a proceeding under one of our acts of assembly to get possession of premises leased, on the ground that the term had expired and the tenant would not give up possession. Our act of assembly, when a lease has expired and the party does not go out, provides a means to get him out by proceeding before an alderman or magistrate. The lessor goes before an alderman and proves that the lease has expired and that the tenant has had three months' notice to leave, then the law authorizes the alderman or magistrate to issue an execution and put him out and get possession of the premises. The law also gives the tenant ten days to appeal from that, and then it comes before a jury, and the case is now before you, whether on appeal by the plaintiff or defendant is no matter. When it comes before you, the plaintiff has to prove the same things that he

alleged before the alderman and he has to prove them to your satisfaction.

It appears in this case that Anton Lutz's estate was the owner of this property and that Mr. Thompson, as agent for Mr. Lutz, entered into a written agreement leasing these premises to Mr. Wainwright. The lease speaks for itself and there is no dispute about it. It was for one year and it had a clause in it to the effect that at the end of the year Mr. Wainwright would give up the premises without any notice at all. At the end of the first year, they made an agreement to extend it for another year, and on the back of it that extension is put in writing; that they agreed to extend it one more year upon the same terms as the lease inside. Before the second year was up, the plaintiff gave three months' notice, although the lease said the tenant should give up the premises without any notice. The plaintiff alleges that there was no further extension. There is a blank extension for a third year upon the lease, but it is not signed. The plaintiff, having given you that state of facts, then the defendant was bound to go out unless he can give you a good excuse for not leaving, because his time was out April 1. The extension for the year before he had in writing, but got no extension in writing for the next year. [Now the defendant alleges that he ought not to have been put out because he had a verbal agreement; that they did not put it in writing, as they did the year before, but made a verbal agreement that he should have it for another year at $50.00 a month, and that in violation of that agreement, he was put out. Under such circumstances, it would have been a great deal better, if that was understood by both parties, if they had done as they did the year before, that is, put it in writing, but not having done that, here arises the trouble. The defendant contends that he had an agreement by word of mouth to stay there another year for $50.00 a month. He testifies to that himself and also has two other witnesses to it, his wife and daughter. That raises the question in the case. The law does not require that it should be in writing, but under these circumstances it would have been a great deal better for the parties to have done as they did before, if they both so understood it, because now there is another tenant in the property.] [6]

You will examine that, remembering that the plaintiff is

entitled to have a verdict in his favor unless the defendant has satisfied you from the strength of the evidence that this agreement was made to give him another year. He says it was and the two ladies testified to the same effect. Mr. Thompson, on the other side, said that no agreement that he should have it another year was made at all; that he was perfectly willing to let him have it another year, but that he would not take it; that he wanted to sell out the balance of his term, which Mr. Thompson agreed to if he would give him a good man, because the defendant had then prepared and filed papers for a license in Natrona; that he did not have any license at the Allegheny place for the next year (which was true) and that he wanted to get a license up there at Natrona, and that he, Mr. Thompson, never made an agreement to let him have it for another year.

[Remember the burden is on the defendant to satisfy you that this agreement was actually made and that both sides understood it so. It is not sufficient to show that one side thought so, but you must be satisfied that Mr. Thompson understood that as well as Mr. Wainwright, particularly in an agreement of this kind where it had been in writing before. Did Mr. Thompson so understand it? Because if he did not so understand it, no matter what was said, it would not be an agreement for another year, and would not bind Anton Lutz nor the Lutz estate. That is the only point in the case.] [7] [The defendant relies very strongly upon this letter in evidence. You will notice that the letter was written December 28, more than three months before the expiration of the lease, and about the time notice should have been given. He says, " Your rent will be $50.00 per month and water tax from the 1st of April." Mr. Thompson says that is correct; that he wanted to rent to the defendant for $50.00 a month, but that he would not do it; that if the defendant got a man to buy him out, he would take him on the lease providing he was satisfactory. Then the next clause seems to refer to something of that kind, he says, " If the man you are negotiating with " (showing they were talking about negotiating with some man) " to purchase your place is satisfactory to us, no doubt Mr. Lutz will make a lease with him. He must show he is reliable and responsible."] [8]

[So you take the evidence on both sides, examine it carefully,

remembering the defendant must satisfy you that there was an actual agreement and understanding with Mr. Thompson and that Mr. Thompson understood that the defendant had accepted the lease for another year. If you find that by the weight of the evidence then he ought not to have been put out. On the other hand, if he talked about renewing the lease and at the same time contemplated getting a license in another place and finally did not make a lease for another year, then he ought to have gone out, if those are the facts.] [9]

If you find for the plaintiff you merely say for the plaintiff. There are no damages to him. [If you find for the defendant, then you must assess the damages, because the act says if a tenant is put out illegally, he shall have whatever actual damages he has sustained; any damages to his furniture or any direct loss by reason of his being so put out of the premises. That you assess in favor of the defendant, if you find for the defendant.] [10]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* among others were ( 6–10) above instructions.

*F. C. McGirr*, with him *John Marron*, for appellant.

*J. L. Ritchey*, with him *George W. Acklin* and *George E. Shaw*, for appellees.

PER CURIAM, November 6, 1899:

This action was originally brought in the name of " J. H. Thompson, agent." After the case came into the court below by appeal from the judgment of the alderman the record was properly amended by substituting the name of Thompson's principal, " Anton Lutz," as plaintiff.

The controlling question was one of fact, viz: whether by verbal agreement between the parties, the lease in question was extended for another year, as alleged by the defendant? That question was fairly and impartially submitted to the jury by the learned trial judge, in a clear, accurate and fully adequate charge; and by their verdict, the jury impliedly found that

there was no agreement to extend the lease. That was practically conclusive against the defendant, because the basis of his defense was the alleged agreement to extend, etc.

We find no error in either of the learned judge's rulings on questions of evidence or in his instructions to the jury. There is nothing in either of the specifications of error that requires discussion.

Judgment affirmed.