## Fehl v. Pfaeffle.

*Landlord and tenant—Proceedings for possession—Proof of damages to defendant — Practice — Evidence—Re-lease of premises—Burden of proof—Newly-discovered evidence—New trial—Act of Dec. 14, 1863.*

1. In a proceeding under the Act of Dec. 14, 1863, P. L. (1864) 1125, by a landlord to obtain possession of leased premises at the end of the term, the defendant can prove damages for his ejectment. No pleading is necessary, and an affidavit of defence is not required.

2. In such case, where the defendant sets up a parol agreement to extend the lease, the burden is on him to show that both parties so understood the agreement.

3. The fact that the plaintiff did not attempt to renew the license of the premises, a hotel property, but the defendant did, was admissible as evidence to sustain the defendant's contention that the lease had been extended.

4. A witness may refresh his memory from a book showing entries of receipts and expenditures made by him at the time when the money was received and spent.

5. Newly-discovered evidence, as a reason for a new trial, must have been, since discovered, such that it could not have been obtained before by due diligence, not cumulative, on the merits of the case and sufficient to change the verdict.

Rule for a new trial. C. P. Lancaster Co., Aug. T., 1918, No. 143.

*John A. Nauman* and *B. F. Davis*, for plaintiff and rule.

*Joseph B. Wissler, Bernard J. Myers* and *John E. Malone*, for defendant.

HASSLER, J., July 2, 1921.—We are satisfied that a new trial should be granted in this case because of after-discovered testimony. We will, however, consider several of the reasons filed for a new trial, so that our views may be known at the next trial of the case.

The plaintiff contends that in a proceeding such as this the defendant cannot prove his damages. This is a proceeding under the Act of Dec. 14, 1863, § 1, P. L. (1864) 1125, in which a landlord seeks to obtain possession of leased premises from a tenant at the expiration of the term. It provides the manner of proceeding when an appeal shall be taken, which "shall be tried in the same manner as actions of ejectment, and if the jury shall find in favor of the tenant, they shall assess the damages he has sustained by reason of his removal from the premises, &c." We do not think that it is necessary to say anything further to show that there was no error in permitting the defendant to prove the damages sustained by reason of his having been ejected from the premises, as the jury could not assess such damages without proof of what they were. No pleading is necessasy under the act of assembly to enable the defendant to do this. An affidavit of defence was not required, as none were required in actions of ejectment in 1863, when the act was passed. As the defendant claimed a right to remain on the premises until April 15, 1919, it was certainly not error to permit him to prove what loss he sustained up until that time. We are satisfied that the fourth, sixth and eighth reasons, which raise these questions, are without merit.

The fifth reason is that we permitted the defendant to testify from a book prepared for the purpose of showing profits in the business of conducting the said hotel, etc. This reason is not in accordance with the facts. The book

1 D. & C.

was the defendant's book of account of his business of conducting the hotel during the time he was there. It contained all his receipts and all his expenditures in connection with the business, and he testified that the entries were made at the time the amounts stated were received or expended. It was, therefore, certainly a proper book with which to refresh his recollection, as the entries were made at the time amounts were received and paid out.

At the argument the plaintiff raised the point that the testimony of the re-leasing of the premises by the defendant was not sufficient, and cites the case of Lutz v. Wainwright, 193 Pa. 541, to the effect that the burden of proof that the premises were re-leased is upon the defendant, and he must show that both the plaintiff and defendant understood that the premises were being re-leased when the arrangement was made. We are satisfied with the correctness of that position, and are also satisfied that the facts in this case are in exact accordance with the requirements of that case. The defendant testified that he received the proper notice to quit from the plaintiff in December, and that it contained a clause as follows: "If you wish to re-rent for another term, please call and make the required arrangements on or before Jan. 10th;" that on Jan. 8th, two days before the time fixed, he called up the plaintiff, who came out to the hotel. They had some conversation about re-renting, and the plaintiff wanted the defendant to open the whole of the hotel instead of the part which the defendant had previously rented. The defendant refused to do so except under certain conditions, and then the plaintiff said, "We will let it go at that." His wife testified that he said, "We will let it go that way." The plaintiff denied that such an arrangement was made. If this conversation did take place, as the defendant testified it did, there can be no question that the plaintiff understood that he was re-leasing the premises for another year. We submitted this question to the jury very carefully, as being the vital one in the case, and they found in favor of the defendant.

The matter complained of in the seventh reason for a new trial we think was proper on the ques'. on of a re-leasing of the premises, as it showed that the plaintiff did not attempt to renew the license to the property, but the defendant did. Neither would have acted in this way had they not understood that the premises were re-leased in the conversation of Jan. 8th. The first three reasons are without merit. We are of the opinion, therefore, that none of the reasons for a new trial, excepting the ninth and tenth reasons, which ask for it on the ground of after-discovered testimony, have any merit.

The plaintiff, at the argument before the court, asks for a new trial because he has discovered since the trial that the defendant told several witnesses that he had not rented the premises for the year beginning April, 1919. He alleges that this could not have been discovered before the trial. In the depositions Jacob Neiss testifies that along about April, 1919, Mr. Pfaeffle told him he could not rent the place from Fehl, the plaintiff, but Mr. Armstrong was going to rent the whole and he would run the bar. This was about April 1st. Hilen P. Dunn testified that Mr. Pfaeffle told him that he had been ordered out of the hotel. "Later, when he was there, I asked him about re-renting it, and he said, 'No, I tried to rent the hotel, but Mr. Fehl would not give me a lease; I will fix him; I am too smart for him.'" This was some time before Pfaeffle left the hotel when he was ordered out.

Motions for a new trial on the ground of after-discovered evidence are regarded with disfavor, both because of the danger of perjury and because of the manifest injustice of allowing a party to allege what may be the consequence of his own negligence or wilful fault to defeat an adverse verdict. Such testimony, therefore, must meet the following requirements: First, it

must have been discovered since the trial; second, it must be such testimony that it could not have been obtained at the former trial by the exercise of due diligence; third, it must not be simply cumulative or corroborative of the other testimony in the case; fourth, it must go to the merits of the case, and not merely impeach the credibility of other witnesses; and fifth, it must be of such a character that it should, and probably would, produce a different verdict if a new trial were to be granted: Com. v. Williams, 2 Ashmead, 69; Heiss v. Lancaster, 18 Lanc. Law Rev. 289; Com. v. Albert, 16 Dist. R. 759; Swartley v. Steigerwalt, 23 Lanc. Law Rev. 390; Denlinger v. Conestoga Light Co., 23 Lanc. Law Rev. 117; People's Bank v. Eberly's Admin'x, 21 Lanc. Law Rev. 89.

This after-discovered testimony, we think, meets all these requirements, and a new trial trial should be granted on account of it.

The testimony offered to show that Mrs. Pfaeffle, at a hearing of the case before the alderman, testified that she did not hear what the conversation was between her husband, the defendant, and the plaintiff on Jan. 8th, is an additional reason for granting a new trial, for the same reasons as given above. All this testimony is important, would have great weight and likely produce a different verdict on a new trial, and as it meets all the requirements of the cases above cited, the rule for a new trial is made absolute.

From George Ross Eshleman, Lancaster, Pa.